# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS L. FOREST,

        Petitioner,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency,

    and

DEPARTMENT OF HOMELAND
    SECURITY,

        Agency.

DOCKET NUMBER
CB-1205-18-0013-U-1

DATE: May 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas L. Forest, Metairie, Louisiana, pro se.

Robert J. Girouard, Washington, D.C., for the Office of Personnel
    Management.

Ashley Drexel, Washington, D.C., for the Department of Homeland
    Security.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The petitioner asks the Board to review the implementation of a regulation of the Office of Personnel Management (OPM) by the Department of Homeland Security's Customs and Border Protection (CBP) which the petitioner alleges required the commission of a prohibited personnel practice affecting him.  For the reasons discussed below, we DISMISS the petitioner's request for lack of jurisdiction.  This is the final decision of the Merit Systems Protection Board in this proceeding.  Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

**DISCUSSION**

¶1      The Board has original jurisdiction to review rules and regulations promulgated by OPM.  5 U.S.C. § 1204(f).  The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, require any employee to commit a prohibited personnel practice as defined by 5 U.S.C. § 2302(b).  5 U.S.C. § 1204(f)(2)(A).  Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency if the Board determines that the provision, as implemented, has required any employee to commit a prohibited personnel practice.  5 U.S.C. § 1204(f)(2)(B).

¶2      The Board's regulations direct the individual requesting review to provide the following information: a citation identifying the challenged regulation; a

---

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation has required, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester desires the Board to take. 5 C.F.R. § 1203.11(b); *see Roesel v. Office of Personnel Management,* 119 M.S.P.R. 15, ¶ 7 (2012); *DiJorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992). This information is required for the individual to be able to state a case within the Board's jurisdiction. 5 C.F.R. § 1203.11(b)(1).

¶3        Here, the petitioner challenges the CBP's implementation of 5 C.F.R. § 338.301, an OPM regulation that governs agencies' consideration of applicants for appointments to the competitive service. This provision provides that:

> Agencies must ensure that employees who are given competitive service appointments meet the requirements included in the Office of Personnel Management's Operating Manual: Qualification Standards for General Schedule Positions. The Operating Manual is available to the public for review at agency personnel offices and Federal depository libraries, and for purchase from the Government Printing Office.

The petitioner contends that the CBP improperly evaluated his self-assessment of his experience in finding that he was not eligible for promotion to a position within his agency for which he had applied. The agency determined that his resume did not demonstrate 1 year of equivalent specialized experience at the GS-12 level, which was a minimum qualification for the GS-1801-13 Enforcement Analysis Specialist position he sought. Regulation Review File (RRF), Tab 17 at 15-17. The petitioner argues principally that his nearly 2 years of equivalent experience as a Customs and Border Protection Officer at the GS-11 level should have been found qualifying because the position was upgraded to the GS-12 level after he left it. RRF, Tab 1 at 6-7.[3]

---

[3] In support of this contention, the petitioner cites guidance from OPM's Classification & Qualifications General Schedule Qualifications Policies stating that "an employee

¶4    The petitioner contends that the agency's allegedly erroneous assessment of his past experience was a failure to properly implement section 338.301 and that CBP hiring staff thereby committed a prohibited personnel practice under 5 U.S.C. § 2302(b)(12).  This subsection of section 2302(b) prohibits taking or failing to take any personnel action "if the taking or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title."  The petitioner cites as the merit system principle that section 338.301 implements or concerns section 2301(b)(1), relating to selection and advancement of individuals on the basis of relative ability, knowledge and skills after fair competition.  RRF, Tab 18 at 4-5.

¶5    However, the petitioner's assertion that the CBP violated section 338.301 because it inaccurately evaluated his qualifications fails to assert a violation of that provision.  The regulation plainly requires agencies to appoint or promote individuals in the competitive service only if they meet the qualification standards stated in the referenced OPM guidelines.  The petitioner has not asserted that the individual who was appointed to the position for which he applied failed to meet the qualification requirements for the position.  Instead, he is simply appealing his own nonselection because he disagrees with the agency's assessment of the sufficiency of his experience and believes that the agency erred in finding him ineligible.[4]  The agency's action did not violate the plain language

whose position is upgraded as a result of reclassification is considered to meet the qualification requirements of the upgraded position . . . . "  RRF, Tab 1, Exhibit G. OPM notes in response that the guidance cited applies by its terms only to the occupant of a position at the time of the reclassification.  RRF, Tab 14 at 11.

[4] The petitioner was entitled to challenge his ineligible rating through the agency's administrative procedures under 5 C.F.R. § 300.104(b).  In fact, he exercised this right and received a final determination of ineligibility from the agency's Hiring Center. RRF, Tab 17 at 16.

of the regulation because it did not place an unqualified individual in a competitive service position.

¶6     The petitioner has failed to identify any prohibited personnel practice that was required by section 338.301 or to explain why the implementation of the regulation required the commission of a prohibited personnel practice. *See* 5 C.F.R. § 1203.11(b)(1).  Accordingly, the petitioner's request for review of an OPM regulation as implemented is DISMISSED for lack of jurisdiction.


FOR THE BOARD:                                    /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.